IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ROBERT NEAL RUNDEL                                                                                    PLAINTIFF
#7209

v.                                          3:23-cv-00116-KGB-JJV

BAILEY CROCKER,
Nurse Practitioner, Turn Key Medical,
Greene County Detention Facility; *et al.*                                                          DEFENDANTS

**ORDER**

Robert Neal Rundel ("Plaintiff") is a pretrial detainee in the Greene County Detention Facility. He has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis* ("IFP Application").

**I.      PROCEEDING *PRO SE***

Plaintiff is proceeding *pro se*, which means without the assistance of an attorney. The Court is sensitive to the fact that *pro se* litigants are not trained in the law and will give deference to them where the law requires. However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). For this reason, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint. The Court will not consider claims stated in notices or other pleadings that fail to comply with the Federal Rules of Civil Procedure**. This means all allegations against all defendants must be included in one document that is labeled a complaint or amended complaint. Importantly, an amended complaint will replace the original complaint and render it without any legal effect.**

Plaintiff also must comply with the Local Rules of the Court. Of particular note to *pro se* plaintiffs is Local Rule 5.5(c)(2), which states:

1

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. **If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.** Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2) (emphasis added). And, Plaintiff should be aware of the three-strike rule, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## II.   FILING FEE

The total cost for filing a civil action in federal court is $402, which includes a $350 statutory fee and a $52 administrative fee. A prisoner who does not seek or is denied *in forma pauperis* status must pay the full $402 fee immediately. However, if *in forma pauperis* status is granted, the $52 administrative fee is waived, and the prisoner must pay the $350 statutory fee in monthly installments taken from his or her institutional account. 28 U.S.C. § 1915(b); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). If the prisoner has sufficient funds, an initial partial filing fee is collected as soon as *in forma pauperis* status is granted, and the remainder of the fee is collected monthly. 28 U.S.C. § 1915(b)(1). The Court makes these determinations based on the financial information provided in an Application to Proceed *In Forma Pauperis* ("IFP Application") and a Calculation of Initial Payment of Filing Fee Sheet ("Calculation Sheet"). Importantly, if the prisoner's case is subsequently dismissed for any reason, including a

determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full fee will be collected, and no portion will be refunded to the prisoner.

Based on the financial information provided in the IFP Application and Calculation Sheet, Plaintiff is entitled to proceed *in forma pauperis* and must pay an initial partial filing fee of $29.20. If Plaintiff's institutional account does not contain the full amount assessed as an initial partial filing fee, the Jail Administrator shall withdraw any portion of the initial partial filing fee available, even if the account balance is under $10. Regardless of the balance in the account, the Jail Administrator shall continue to withdraw funds until the initial partial filing fee has been paid in full. After the initial partial filing fee has been collected, the Jail Administrator shall collect monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to Plaintiff's institutional account, each time the amount exceeds $10, until the $350 statutory filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2).

**III.   SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination,

frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*   But regardless of whether a plaintiff is represented or appearing *pro se*, the "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   *Twombly*, 550 U.S. at 556.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief.   *Id*. at 557.

Title 42 of the United States Code, section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.   42 U.S.C. § 1983 (1996).   Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere."   *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).   In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.   *West v. Atkins*, 487 U.S. 42, 48 (1988).

IV.   **PLAINTIFF'S COMPLAINT**

Plaintiff says in March 2022 unspecified nurses at the Greene County Detention Facility failed to provide him with adequate medical care after he fell off a top bunk and fractured his heel. (Doc. 2.)   Plaintiff brings these claims against Defendants Nurse Practitioner Bailey Crocker,

former Sheriff Steve Franks, and former Jail Administrator Robert Case in their official and individual capacities.  As it stands now, the Complaint fails to state a claim upon which relief may be granted for several reasons.

First, Plaintiff's claims against Defendants in their official capacities "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018).  Greene County cannot be held vicariously liable for the Defendants' actions in a § 1983 lawsuit.  *See Id.*  Instead, Greene County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.,* 829 F.3d 695, 699 (8th Cir. 2016).  Because Plaintiff has raised any allegations, he has not pled a plausible official capacity claim.

Second, because there is no vicarious liability in § 1983 actions, to plead a plausible individual capacity claim a complaint must contain facts suggesting "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Plaintiff has not pled any facts suggesting Defendants Crocker, Franks, or Case were directly involved in his medical care.   Instead, he merely refers to unspecified nurses.   That is not sufficient to plead a plausible individual capacity claim.

Third, even if Plaintiff had provided facts explaining how each Defendant was personally involved, the Complaint falls short of pleading a plausible inadequate medical care claim.   To do so, a complaint must contain facts suggesting: (1) the pretrial detainee had an objectively serious need for medical care; and (2) each defendant subjectively knew of, but deliberately disregarded, that serious medical need.  *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018).  As to the second element, deliberate indifference is a high

threshold that goes well beyond negligence or gross negligence. *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). To establish deliberate indifference, defendants must have "recognized that a substantial risk of harm existed and knew that their conduct was inappropriate in light of that risk." *Shipp,* 9 F.4th at 703 (emphasis in the original). This level of mental culpability is "akin to criminal recklessness" or care that is "so inappropriate as to evidence intentional maltreatment." *Id.*; *Presson v. Reed,* 65 F.4th 357, 366 (8th Cir. 2023).

Plaintiff says jail nurses did not conduct a proper examination immediately after his fall and instead, only gave him a wheelchair. But that is merely a disagreement with the course of care or, perhaps negligence, but not deliberate indifference. Plaintiff also says that, about a week after the fall, he asked for another examination and an x-ray, but he did not receive either before he was released on bond and obtained medical treatment on his own. Because Plaintiff does not say how long it was between his second request for treatment and his release from custody, the Complaint falls short of suggesting deliberate indifference. *See Presson,* 65 F.4th at 366 ("When the inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment"). Thus, I conclude he has not pled a plausible claim.

If he so chooses, Plaintiff may attempt to cure these pleading deficiencies by filing an Amended Complaint within thirty (30) days of the date of this Order. **Plaintiff is cautioned an Amended Complaint will render the original Complaint without legal effect**. **Only claims properly set out in the Amended Complaint will be considered.** Therefore, Plaintiff's Amended Complaint should cure the pleading deficiencies mentioned in this Order and otherwise plead a plausible claim upon which relief may be granted. If Plaintiff does not do so, I will recommend the Complaint be dismissed without prejudice.

V.  **CONCLUSION**

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's IFP Application (Doc. 1) is GRANTED.

2. As Plaintiff's present custodian, the Jail Administrator or designee shall collect from Plaintiff's institutional account an initial partial filing fee of $29.20 and forward that amount to the Clerk of this Court. Thereafter, the Jail Administrator, designee, or any future custodian, shall collect from Plaintiff's institutional account the balance of the filing fee by collecting monthly payments equal to 20% of the preceding month's income credited to Plaintiff's institutional account each time the amount in the account exceeds $10, until a total of $350 has been collected and forwarded to the Clerk. All payments forwarded on Plaintiff's behalf must be clearly identified by the name and number assigned to this action.

3. The Clerk shall mail a copy of this Order to the Jail Administrator, Greene County Detention Facility, 1809 North Rockingchair Road, Paragould, AR 724504.

4. The Clerk shall mail a 42 U.S.C. § 1983 complaint form (but not an IFP Application) to Plaintiff with a copy of this Order. If Plaintiff wishes to amend the Complaint, he must complete the new complaint form in its entirety in accordance with this Order, label it an "Amended Complaint," and file it **within thirty (30) days of the date of this Order.**

5. Plaintiff's Complaint, as it now stands, is deficient and may be dismissed after thirty (30) days of the date of this Order.

DATED this 5th day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE