# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

ROBERT NEAL RUNDEL                                                                                PLAINTIFF

v.                                        3:23-cv-00116-KGB-JJV

BAILEY CROCKER,
Nurse Practitioner, Turn Key Medical,
Greene County Detention Facility; *et al.*                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   DISCUSSION

On May 1, 2023, Robert Neal Rundel ("Plaintiff") filed this *pro se* lawsuit alleging that in March 2022, he received inadequate medical care for his foot after he fell off of the top bunk at the Greene County Detention Center. (Doc. 2.) At the time, he was a pretrial detainee. But he has since been released from custody. (Doc. 14.) After granting Plaintiff permission to proceed *in forma pauperis,* I issued a Partial Recommended Disposition concluding he had pled plausible inadequate medical care and medical malpractice claims against Defendant Crocker and recommending his claims against the other two Defendants be dismissed without prejudice for

failing to state a claim upon which relief may be granted. (Docs. 9, 10.) That Partial Recommended Disposition is still pending.

Thereafter, Turn Key Medical informed the Court that Defendant Crocker was no longer an employee, and it provided her last known private mailing address under seal. (Docs. 11, 12.) I ordered the U.S. Marshals Office to attempt service at that sealed address, but it was returned unexecuted. (*Id.;* Doc. 28.) Accordingly, on July 25, 2023, I entered an Order explaining to Plaintiff that it was his obligation to provide a valid service address for Defendant Crocker, giving him thirty days to do so, and advising him I would recommend this case be dismissed if he failed to timely provide that information. (Doc. 30.) Plaintiff has not complied with my Order, and the time to do so has passed. Therefore, I recommend this case be dismissed without prejudice due to a lack of service. *See* Fed. R. Civ. P. 4(m) (a court may dismiss a defendant who has not been served within ninety (90) days of the filing of the complaint); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (it is a *pro se* plaintiff's responsibility to provide a valid service address for each defendant).

## II.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's claims against Defendant Crocker be DISMISSED without prejudice due to a lack of service, and this case be closed.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting this Recommendation would not be taken in good faith.

DATED this 29th day of August 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE